

**11 CIV 2765**

Danial A. Nelson (DN4940)
Kevin P. McCulloch (KM0530)
NELSON & McCULLOCH LLP
The Chrysler Building
405 Lexington Ave., 26th Floor
New York, New York 10174
T: (212) 907-6677
F: (646) 308-1178

*Counsel for Plaintiffs*



RECEIVED
APR 22 2011
U.S.D.C. S.D. N.Y.
CASHIERS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| MARK E. GIBSON and NORBERT WU, | Civil Action No.: |
| *Plaintiff,* | |
| v. | **COMPLAINT AND DEMAND FOR A JURY TRIAL** |
| THE McGRAW-HILL COMPANIES, | |
| *Defendant.* | |

Plaintiffs MARK E. GIBSON  and NORBERT WU, by and through undersigned counsel, pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this Court, demands a trial by jury of all claims and issues so triable, and for their Complaint against Defendant THE McGRAW-HILL COMPANIES, hereby asserts and alleges as follows:

## JURISDICTION AND VENUE

1.      Plaintiffs Mark E. Gibson ("Gibson") is a resident of the State of California who resides at 112 North Washington Dr., Mount Shasta, California.

2.      Plaintiffs Norbert Wu is a resident of the State of California who resides at 1065 Sinex Ave., Pacific Grove, California.

1

3.      Defendant The McGraw-Hill Companies ("McGraw-Hill" or "Defendant") is a textbook publishing company with its principle place of business at 1221 Avenue of the Americas, New York, New York .

4.      This is an action for copyright infringement and related claims brought by Plaintiffs, the holders of copyrights to numerous photographs, including, but not limited to, those identified herein, against Defendant for unauthorized uses of Plaintiffs' copyrighted photographs.

5.      Jurisdiction for Plaintiffs' claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

6.      Venue is proper in this Court under 28 U.S.C. §§ 1391(b) since a substantial portion of the alleged misconduct by Defendant giving rise to the claims asserted herein occurred in this District and 28 U.S.C. § 1400(a) since Defendants resides or may be found in this District. Further, Defendant conducts substantial business in the State of New York, is subject to personal jurisdiction in the State of New York, and has infringed Gibson's copyrights in the State of New York as described herein.  Defendant also previously consented to this Court's jurisdiction over it for claims alleging similar conduct.

**GENERAL ALLEGATIONS**

7.      Plaintiffs are professional photographers who make their living by taking and licensing photographs.

8.      Defendant is a publishing company in the business of creating and publishing educational textbooks, instructional technology materials, reference works, and other similar

materials and publications.

9.      Defendant sells and distributes textbooks throughout the United States, including through various companies or divisions or imprints.

10.      Upon information and belief, Defendant exploited Plaintiffs' copyrighted photographs—including, but not limited to, the photographs identified herein—in various publications without permission and/or prior to obtaining permission.   The full scope of Defendant's infringing activities in this regard has not yet been ascertained.

11.      Upon information and belief, Defendant also exploited Plaintiffs' copyrighted photographs—including, but not limited to, the photographs identified herein—in various publications in excess of the so-called "print run"—a term that identifies and sets the maximum number of copies of a publication that may be printed under the applicable license agreement—authorized under license agreements pertaining to Plaintiffs' creative works.   The full scope of Defendant's infringing activities in this regard has not yet been ascertained.

12.      Plaintiffs are the registered copyright owners of the creative works identified herein and that are the subject of this action.

13.      Plaintiffs registered copyright in each of the photographs identified herein with the United States Copyright Office prior to initiating this action.

## ALLEGATIONS REGARDING SPECIFIC PHOTOGRAPHS
## IN SPECIFIC PUBLICATIONS

### *Middle School Life Science, Tennessee, Grade 8*

14.      Upon information and belief, Defendant made unauthorized uses of Plaintiffs Gibson's photographs identified as "M406-28P-02x" and "M28.18W10" and "M30.27W18."

15.      Upon information and belief, Defendant used this photograph in its publication entitled *Middle School Life Science, Tennessee, Grade 8.*

3

16.     Upon information and belief, Defendant's license to use Plaintiff's photograph in this publication was limited in scope and permitted Defendant to print only 25,000 total copies of all components of this publication.

17.     Upon information and belief, Defendant exceeded the scope of any potentially applicable license related to these images being used in this publication, including by printing more copies of this publication than it was authorized to do under any applicable license.

### North Carolina Math Connects, Grade 3

18.     Upon information and belief, Defendant made unauthorized uses of Plaintiffs Gibson's photographs identified as "C01-01P-107757" and "SS-04P-107757."

19.     Upon information and belief, Defendant used this photograph in its program or publication entitled *North Carolina Math Connects, Grade 3.*

20.     Upon information and belief, Defendant's license to use Plaintiff's photograph in this publication was limited in scope and permitted Defendant to print only 60,000 total copies of all components of this publication.

21.     Upon information and belief, Defendant exceeded the scope of any potentially applicable license related to these images being used in this publication, including by printing more copies of this publication than it was authorized to do under any applicable license.

### Science 2008, California

22.     Upon information and belief, Defendant made unauthorized uses of Plaintiffs Wu's photograph identified as "WHL85" (Image No. 320845).

23.     Upon information and belief, Defendant used this photograph in its program or publication entitled *Science 2008, California,* including in the pupil editions, teacher editions, and CD-ROMs for both the Grade 1 and Grade 2 components of this program or publication.

24.     Upon information and belief, Defendant's license to use Plaintiff's photograph in this publication was limited in scope and permitted Defendant to print only 60,000 total copies of all components of this publication.  A true and correct copy of the relevant invoice is attached hereto as Exhibit 1.

25.     Upon information and belief, Defendant exceeded the scope of any potentially applicable license related to this image being used in this program or publication, including by printing more copies of the various components of this publication than it was authorized to do under any applicable license.

### MacMillan Science: A Closer Look

26.     Upon information and belief, Defendant made unauthorized uses of Plaintiffs Wu's photograph identified as "PU P6_UEC09_L3_RIS_003P_SC07" (Image No. 315571).

27.     Upon information and belief, Defendant used this photograph in its program or publication entitled *MacMillan Science: A Closer Look*, including in the Tennessee student edition for Grade 5 (ISBN No. 0-02-287746-0).

28.     Upon information and belief, Defendant's license to use Plaintiff's photograph in this publication was limited in scope and permitted Defendant to print only 50,000 total copies of all components of this publication.  A true and correct copy of the relevant invoice is attached hereto as Exhibit 2.

29.     Upon information and belief, Defendant exceeded the scope of any potentially applicable license related to this image being used in this program or publication, including by printing more copies of the various components of this publication than it was authorized to do under any applicable license.

30.     Upon information and belief, Defendant also used Plaintiff Gibson's photograph

entitled or referred to as "C06-06P-287742" in its program or publication entitled *MacMillan Science: A Closer Look*, including in the Tennessee student edition for Grade 1.

31.     Upon information and belief, Defendant's license to use Plaintiff's photograph in this publication was limited in scope and permitted Defendant to print only 60,000 total copies of all components of this publication.

32.     Upon information and belief, Defendant exceeded the scope of any potentially applicable license related to this image being used in this program or publication, including by printing more copies of the various components of this publication than it was authorized to do under any applicable license.

## GENERAL ALLEGATIONS

33.     Upon information and belief, Defendant acted outside the scope of any applicable license and exceeded the scope of its limited permission to use Plaintiffs' copyrighted photographs by printing, publishing, distributing, and/or selling more copies of the above-identified publications than was permitted under any applicable license agreements.

34.     Defendant, by its willful and knowing actions, injured Plaintiffs by engaging in the unlicensed, unauthorized, and uncompensated use of Plaintiffs' creative works and, as such, deprived Plaintiffs of their rightful compensation for the use of their creative works.

35.     Upon information and belief, Defendant has and continues to financially benefit from the uncompensated use of Plaintiffs' creative works.

36.     Upon information and belief, the particular unauthorized uses identified herein are part of Defendant's pattern and practice of using of third-party photographic images in excess of the print run limitations of applicable license agreements.

37.     Defendant refuses to disclose the full scope of its uses of all of Plaintiffs' works.

6

38.     Because information regarding Defendant's use of Plaintiffs' photographs remains in Defendant's sole possession, the full and complete scope of Defendant's infringing activities and infringing uses of Plaintiffs' creative works has not yet been ascertained.

39.     Upon information and belief, a reasonable opportunity for further investigation and discovery will yield evidence that Defendant's unauthorized, unlicensed, and/or infringing use and exploitation of Plaintiffs' images is not limited to the photographic works identified herein.

40.     Upon information and belief, a reasonable opportunity for further investigation and discovery will yield evidence that Defendant exceeded the print run limitation of other licenses.

41.     Upon information and belief, Defendant's pattern of unlicensed, unauthorized, and uncompensated use of Plaintiffs' creative works injured Plaintiffs, including by depriving Plaintiffs of their rightful compensation for the use of their creative works and infringing on their exclusive rights to control the reproduction, use, distribution, and sale of their creative works.

42.     Upon information and belief, Defendant's pattern and practice of using Plaintiffs' creative works in publications prior to obtaining permission to do so demonstrates reckless disregard for and willful blindness of Plaintiffs' copyrights.

43.     Upon information and belief, Defendant refuses to disclose usage information to photographers, at least in part, in an effort to limit its liability and potential exposure to claims of copyright infringement and related claims.

44.     Upon information and belief, Defendant's efforts to conceal usage information from third-party content owners and licensees further demonstrates that its conduct is willful.

## COUNT I
## (COPYRIGHT INFRINGEMENT)

45.     Plaintiffs repeat and re-allege each allegation set forth in paragraphs 1-44 as if set forth fully herein.

46.     Plaintiffs have registered copyright in the creative works identified herein.

47.     Upon information and belief, Defendant used, published, distributed, and/or exploited Plaintiffs' creative works in excess of and outside the limited scope of its license or permission or authorization to do so.

48.     Upon information and belief, Defendant exceeded any limited authority it may have had to use Plaintiffs' photographs in the above-identified publications by printing and distributing more copies of those publications than it was permitted to do so under any applicable license.

49.     Defendant's use of Plaintiffs' photographs in excess of the applicable print-run limitations infringes Plaintiffs' copyrights.

50.     By exceeding the print run of certain licenses, Defendant misappropriated Plaintiffs' intellectual property for its own profit, causing Plaintiffs significant injuries, damages, and losses in amounts to be determined at trial.

51.     Defendant's unauthorized use of Plaintiffs' copyrighted images, including its use in excess of whatever limited authority or permission it may have obtained, was willful.

52.     Defendant's efforts to conceal or ratify its unauthorized use of Plaintiffs' creative works demonstrate that it was fully aware that its use was unauthorized and thus infringing and that this conduct was intentional, willful, reckless, and/or malicious.

53.     Plaintiffs seek all damages recoverable under the Copyright Act, including statutory or actual damages, including Defendant's profits attributable to the infringing use of

Plaintiffs' creative works, and the damages suffered as a result of the lack of compensation, credit, and attribution. Plaintiffs also seek all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

**COUNT II**
**(REQUEST FOR DECLARATORY JUDGMENT)**

54. Plaintiffs repeat and re-allege each allegation set forth in paragraphs 1-53 as if set forth fully herein.

55. Plaintiffs are the owners and creators of the creative works identified herein.

56. Plaintiffs also are the authors and owners of numerous additional photographic works that Defendant has used and continues to use in various publications.

57. Upon information and belief, Defendant remains in sole possession of information regarding the scope of its use of Plaintiffs' creative works, including the publications in which Defendant has used Plaintiffs' works, the publication dates of these publications, and the print run of these publications.

58. As the owner of the copyrights to their creative works, Plaintiffs are entitled to know the full scope of Defendant's use of their creative works.

59. Upon information and belief, Defendant's refusal to disclose the full scope of its past, current, and ongoing use of all of Plaintiffs' creative works breaches, infringes, obstructs, and otherwise violates Plaintiffs' inherent moral rights in those works.

60. Upon information and belief, Defendant's refusal to disclose the full scope of its use of any of Plaintiffs' works violates Plaintiffs' rights under any applicable agreements.

61. Upon information and belief, Defendant's refusal to disclose the full scope of its use of any of Plaintiffs' works violates Defendant's obligations to deal with Plaintiffs fairly and in good faith.

9

62.     An actual controversy thus has arisen and now exists between Plaintiffs and Defendant concerning whether Plaintiffs are entitled to know the full scope of Defendant's use of their creative works and whether Defendant is obliged to disclose such information to Plaintiffs.

63.     Plaintiffs thus desire and request a judicial determination of their rights to know and to be provided information regarding the full scope of Defendant's use of their creative works.

64.     A judicial determination of the parties' rights and duties is necessary and appropriate at this time under the circumstances in order to resolve this controversy between the parties and for the parties to be aware of their rights in order to assess and determine their legal options.

65.     Plaintiffs also seek all attorneys' fees and any other costs incurred in pursuing disclosure of this information and in litigating this matter.

**WHEREFORE,** Plaintiffs respectfully prays for judgment on their behalf and for the following relief:

1.     A preliminary and permanent injunction against Defendant from copying, displaying, distributing, advertising, promoting, and/or selling the infringing publications identified herein, and requiring Defendant to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiffs' photographs and all copies of the infringing materials described in this complaint that are in the control or possession or custody of Defendant;

2.     All allowable damages under the Copyright Act, including, but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiffs' loss of licensing

revenue and Defendant's profits attributable to infringement, and damages suffered as a result of the lack of credit and attribution;

      3.      Plaintiffs' full costs, including litigation expenses, expert witness fees, interest, and any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating this matter;

      4.      All allowable damages caused by and/or resulting from Defendant's violation and infringement of Plaintiffs' moral rights in and to this creative visual work;

      5.      Any other relief authorized by law, including punitive and/or exemplary damages; and

      6.      For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**
Dated April 22, 2011
New York, New York.

                   Respectfully submitted,

                   NELSON & McCULLOCH LLP

By:                                      

                   Danial A. Nelson (DN4940)
                   Kevin P. McCulloch (KM0530)
                   The Chrysler Building
                   405 Lexington Ave., 26th Floor
                   New York, New York 10174
                   T: (212) 907-6677
                   F: (646) 308-1178

                   dnelson@nelsonmcculloch.com
                   kmcculloch@nelsonmcculloch.com

                   *Attorneys for Plaintiffs*